COSTCO WHOLESALE CORPORA-TION, aka Costco Companies Inc, Plaintiff—Appellee,

v.

COMMONWEALTH INSURANCE COMPANY, et al., Defendants—Appellants.

No. 01–35527.

D.C. No. CV–98–01454–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2002.

Decided Aug. 21, 2002.

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM *

Commonwealth Health Insurance Company, Zurich Insurance Company and SR International Business Insurance Compa-

* This disposition is not appropriate for publication and may not be cited to or by the courts

ny ("the Insurers") appeal the district court's summary judgment against them in a diversity action brought by Costco Companies, Inc. ("Costco"), in which Costco sought coverage under property insurance policies for costs incurred in connection with damage to its new warehouse in New Rochelle, New York after the building's foundation differentially settled.

The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. This court reviews a district court's grant of summary judgment de novo. *Clicks Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001).

We hold that the district court did not err by granting Costco summary judgement because the "ensuing loss" exception to the policy's defective workmanship exclusion permits coverage for Costco's losses associated with the differential settlement.

The basic facts have already been set forth by both parties in their briefs.

The Perils Insured were "all risks of direct physical loss or damage from any cause whatsoever," except what was thereafter excluded. The Perils Excluded were of two types—(1) "loss" from, e.g., nuclear radiation, and (2) particular named events such as fraud. Among these named events was "Faulty or defective workmanship ... or design." That event, however, was limited by the provision that the insurer would be "liable for the ensuing loss if such loss or damage is caused by or resulting from an insured peril."

Movement of the earth was a risk insured against. Movement of the earth caused Costco's loss. Movement of the earth is distinct from the defective design and the loss did ensue from the defective design. Movement of the earth was not an excluded peril.

of this circuit except as provided by Ninth

Costco is also entitled to the $873,559 in prejudgment interest awarded by the district court because Costco's motion for the interest was sufficiently supported by invoices to render the amount liquidated. "[T]he existence of a dispute over part or all of a claim does not change the claim from a liquidated to unliquidated one." *Prier v. Refrigeration Engineering Co.*, 74 Wash.2d 25, 35, 442 P.2d 621 (1968).

Finally, the Insurers must pay reasonable attorneys fees and costs because Costco has prevailed in a legal dispute concerning the extent of coverage. *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wash.2d 37, 52, 811 P.2d 673 (1991).

The judgment of the district court is AFFIRMED.